Citation Nr: 1602626 
Decision Date: 01/28/16 Archive Date: 02/05/16

DOCKET NO. 13-06 432 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD).

2. Entitlement to an evaluation in excess of 10 percent for recurrent dermatitis. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

L. Jeng, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from January 1963 to January 1965. 
 
This case comes before the Board of Veterans' Appeals (the Board) on appeal from January 2011 and March 2013 rating decisions of the Department of Veterans Affairs (VA) Regional Offices (ROs) in Montgomery, Alabama and Winston-Salem, North Carolina, respectively.

In December 2015, the Veteran presented testimony in a travel board hearing before the undersigned. A copy of the transcript has been associated with the claims folder. 

This appeal was processed using the Virtual VA/VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Remand is required for both issues on appeal to obtain relevant VA treatment records. VA has a duty to assist claimants to obtain evidence needed to substantiate a claim, which includes making as many requests as are necessary to obtain relevant records from a Federal department or agency. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c)(2) (2015); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). During his December 2015 hearing, the Veteran testified to outstanding VA treatment records. In December 2015, the Veteran's representative submitted a request to the RO to obtain outstanding VA treatment records from the past five years. While some VA treatment records are associated with the record, to date the outstanding VA treatment records requested by the representative have not been obtained. On remand, all outstanding treatment records must be obtained. 

Regarding the Veteran's claim for a psychiatric disorder, remand is required for an adequate examination and opinion. Where VA provides the veteran with an examination in a service connection claim, the examination must be adequate. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Generally, a medical opinion should address the appropriate theories of entitlement. Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007). A medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008).

The Veteran was afforded an examination for his claimed psychiatric disorder in October 2012. Among his diagnoses was adjustment disorder with disturbance of emotions and behaviors; the examiner found he did not meet the diagnostic criteria for PTSD. In a separate addendum report, the examiner indicated that the Veteran was not able to identify a cause of his mood issues and his mood reactions were better explained by his chronic substance abuse. Review of the available treatment records shows diagnoses of anxiety and depression, not otherwise specified. The Board finds that the October 2012 VA examination report and addendum report are insufficient as the examiner did not fully explain the cause of the Veteran's adjustment disorder, provide any rationale for the opinion, or address the various diagnoses (i.e. anxiety and depression) noted during the appeal period. Therefore, the Veteran must be afforded another examination to determine the nature and etiology of any current psychiatric disorder. 

Remand is required regarding the increased rating claim for dermatitis, for a current examination. Where the record does not adequately reveal the current state of the disability, a VA examination must be conducted. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). The Veteran was last afforded an examination in July 2012. During his December 2015 hearing, he testified that his symptoms had worsened since that time. In his February 2013 substantive appeal, the Veteran also asserted that his July 2012 VA examination was inadequate, citing that the evaluation was not rendered by a dermatologist. The Board observes that the examination was provided by a nurse practitioner. Therefore, he must be provided an updated examination to determine the nature and severity of his service-connected skin disability by a clinician specializing in skin disabilities.

Accordingly, the case is REMANDED for the following actions:

1. Contact the Veteran and afford him the opportunity to identify by name, address and dates of treatment or examination of any relevant medical records. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative.

2. Contact the appropriate VA Medical Centers and obtain and associate with the claims file all outstanding records of treatment, to specifically include those from Durham, Raleigh, and Montgomery dated from 2010 to the present. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his representative. 

3. After any additional records are associated with the claims file, provide the Veteran with a VA examination to determine the etiology of any psychiatric disorder. The entire claims file should be made available to and be reviewed by the examiner, and it should be confirmed that such records were available for review. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. The examiner must elicit a full history from the Veteran of his claimed symptoms, to include the onset thereof. An explanation for all opinions expressed must be provided. 

a. The examiner must first provide all current psychiatric diagnoses of record. If adjustment disorder, anxiety, and/or depression are not diagnosed, an explanation must be provided. 

b. The examiner must provide an opinion, in light of the examination findings and the service and post-service evidence of record whether it is at least as likely as not (50 percent or greater probability) that there is a diagnosis of PTSD. If so, the examiner must provide an opinion regarding whether it is at least as likely as not (50 percent or greater probability) that it is related to service, to include the in-service stressor of attack by sniper fire. 

c. For each currently diagnosed (non-PTSD) psychiatric disorder, the examiner must provide an opinion, in light of the examination findings and the service and post-service evidence of record whether it is at least as likely as not (50 percent or greater probability) that each diagnosed disorder is related to service, to include any alleged in-service stressor.

4. After any additional records are associated with the claims file, provide the Veteran with a VA examination to ascertain the current severity and manifestations of his service-connected recurrent dermatitis with a clinician specializing in dermatology. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. 

The examiner is requested to review all pertinent records associated with the claims file and to comment on the severity of the Veteran's service-connected recurrent dermatitis. The examiner should report all signs and symptoms necessary for evaluating the disability under the rating criteria. In particular, the examiner should state the percent of the entire body affected and the percent of the exposed areas affected. He or she should also indicate whether the Veteran requires intermittent systemic therapy, such as corticosteroids or other immunosuppressive drugs, and if so, the duration and frequency during the past 12-month period.

The examiner should further determine whether the Veteran requires systemic therapy, such as therapeutic doses of corticosteroids, immunosuppressive retinoids, PUVA (psoralen with long-wave ultraviolet-A light) or UVB (ultraviolet-B light) treatments, or electron beam therapy. If so, he or she should state the total duration and frequency of such treatment during the past 12-month period. 

5. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claims, and that the consequences for failure to report for a VA examination without good cause may include denial of the claims. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

6. Review each examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

7. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. If the claims remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).